IN THE UNITED STATES COURT FOR MIDDLE DISTRICT OF TENNESSE
AT COLUMBIA

ROBERT PURNELL,
PAULA EDWARDS individually and as Natural Parent of
I.E. MINOR and,
JAMARIO EDWARDS,

      Plaintiffs,

v.                                              Case No. 1:21-cv-00059

HARZANMEET SINGH,                        JURY DEMANDED
LIONHEART XPRESS,
DG LIONHEART, LLC and
JOHN DOE 1-5,

      Defendants.

## AMENDED COMPLAINT FOR INJURIES

      **COMES NOW,** Plaintiffs, Robert Purnell, Paula Edwards, and I.E., Minor and Jamario Edwards, by and through undersigned counsel, pursuant to the Tennessee Rules of Civil Procedure and files this Complaint for Personal Injuries against Defendants, Harzanmeet Singh ("Mr. Harzanmeet") and Lionheart Xpress ("Lionheart"), and DG Lionheart, LLC (hereafter collectively "All Defendants") and would respectfully state unto this Honorable Court the following, to wit:

### I. PARTIES

      1. Plaintiff Robert Purnell is an adult resident of Oakland, Yalobusha County, Mississippi.

      2. Plaintiff Paula Edwards is an adult resident of Tillatoba, Yalobusha County, Mississippi.

      3. Plaintiffs I.E. is a minor and residents of Tillatoba, Yalobusha County, Mississippi who resides with her mother and next friend, Paula Edwards.

1

4. Plaintiff Jamario Edwards is an adult resident of Tillatoba, Yalobusha County, Mississippi.

5. Upon information and belief, Defendant Harzanmeet Singh is a California resident, and at all times relevant may be served with process at 5137 Dupont Ave., Newark, California, 94560.

6. Upon information and belief, Defendant LionHeart Xpress, Inc. (hereafter, "LionHeart") is a for-profit corporation, formed under California Law with its principal place of business located at 6068 W. Goux Ave. Fresno, CA 93722. LionHeart Xpress can be served with process upon its registered agent Kiranjot K. Dhaliwal at 6068 W. Goux Ave., Fresno, CA 93722.

7. Upon information and belief, Defendant DG Lionheart, LLC (hereafter, "DG") is a for-profit corporation, formed under California Law with its principal place of business located at 3567 W. California Ave., Fresno. CA 93706. DG Lionheart can be served with process upon it registered agent Amardeep Dhillon at 3567 W. California Ave., Fresno, CA 93706 with a physical location of 1905 West Pine Ave., Fresno, CA 93728.

8. That Defendants John Does 1-5 are corporations, entities, agencies, businesses, individuals, and the like which are presently unknown to Plaintiffs, but whose negligent acts and/or omissions may have proximately caused or contributed to Plaintiffs' injuries. Plaintiffs will amend this Complaint to allege the true capacity of these parties when they are ascertained.

## II. JURISDICTION AND VENUE

9. This Court has original subject matter jurisdiction over this lawsuit under the provisions of 28 U.S.C. § 1332. Complete diversity of citizenship exists inasmuch as Plaintiffs and the Defendants are from different states and the amount in controversy is in excess of $75,000.00 exclusive of interest and costs.

2

10.  Venue is appropriate in the Court pursuant to 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to this suit occurred within this judicial district. The accident that is the subject matter of this lawsuit occurred in Hickman County, Tennessee on Interstate Highway 40.

11. This Court has personal jurisdiction over the Defendants in this case pursuant to the Tennessee Code Annotated §§ 20-2-214 and 20-2-203 since the Defendants were involved in a motor vehicle collision in Lawrenceburg, Tennessee that is the subject matter of this lawsuit and have had sufficient minimum contacts with the State of Tennessee to be subject to specific jurisdiction since this lawsuit arises out of or relates to the Defendants' contacts with the State of Tennessee. In addition, Defendants are in the interstate, transport, expediting and logistics business and have sufficient continuous systematic and substantial contacts with the State of Tennessee to be subject to general jurisdiction in the State of Tennessee.

### III. STATEMENT OF FACTS

12. On or about July 5, 2020, at approximately 2:00 a.m., Plaintiff Robert Purnell was traveling eastbound on I-40 E in lane number 2 driving a 2016 Hyundai Sonata, MS Tag 93W59WY, VIN 5NPE4AF2GH288575.

13. Defendant, Harzanmeet Singh was operating, a Peterbuilt Tractor Trailer, CA Tag, XP46044, VIN 1XPBD9X5LD633465, owned by LionHeart Xpress, with an additional trailer CA Tag 4SM8205, owned by DG Lionheart, LLC and was also traveling eastbound on I-40 in lane number 2.

14. While Plaintiff Robert Purnell was driving, it began to rain heavy. A driver in front of Plaintiff hit his brakes. Plaintiff slowed down to avoid hitting the driver in front of him.

3

15. As Plaintiff Robert Purnell was slowing down to avoid a collision with the vehicle ahead of him, Defendant Singh then rear-ended the vehicle in which Plaintiff Robert Purnell was driving.

16. At the same place and time, Plaintiffs Paula Edwards, I.E., a Minor and Jamario Edwards were passengers in the 2016 Hyundai Sonata traveling eastbound on I-40 ahead of Defendant Singh.

17. Plaintiff Robert Purnell sustained serious injuries and was transported by ambulance to Horizon Medical Center.

18. At all times pertinent hereto, Plaintiff Robert Purnell was operating said vehicle in a safe, cautious and prudent manner, obeying all of the rules and regulations of the roadway.

19. Defendant Mr. Singh negligently failed to use reasonable caution in the operation of his vehicle by failing to exercise due care and by impeding the normal and reasonable movement of traffic.

20. Professionally trained safe commercial tractor-trailer drivers do not strike cars in the rear.

21. Professionally trained, safe commercial tractor-trailer drivers maintain a safe lookout of all traffic.

22. The Defendants, LionHeart Xpress and DG Lionheart had a duty to train Defendant, Harzanmeet Singh to safely drive the tractor-trailer before allowing him to drive.

23. There was no act of Plaintiff Purnell which contributed to the wreck.

24. There was no failure to act of Plaintiff Purnell which contributed to the wreck.

25. The acts, and failure to act, of the Defendants caused the wreck.

26. Plaintiffs were severely injured because of the wreck.

4

27. The acts and omissions committed by each of the Defendants were, each and cumulatively, a proximate cause of the plaintiffs' injuries and damages.

## CAUSE OF ACTION

### COUNT I- NEGLIGENCE OF HARZANMEET SINGH

28. Plaintiffs incorporate paragraphs 1 through 27 as if restated verbatim.

29. At the time of the wreck, Defendant Singh failed to exercise due care by following too close.

30. The tractor-trailer driven by Defendant Singh was driving with the permission and at the direction of Defendants LionHeart and DG Lionheart.

31. The tractor-trailer driven by Defendant Singh was driven in the course and scope of his employment with the business of Defendants LionHeart and DG Lionheart.

32. Plaintiffs would show, before a full investigation has been made, that at the time of this wreck, Defendant Singh was grossly and generally negligent under the circumstances then and there existing, in that he failed to exercise due care.

33. Plaintiff Robert Purnell did not have sufficient time or space to avoid the collision and as a direct and proximate result of the negligent acts of the Defendant, Plaintiffs sustained personal injuries and other damages.

34. Upon information and belief, Plaintiffs allege that on July 5, 2020, Harzanmeet Singh, was operating the above referenced tractor-trailer, as the agent, server and/or employee of Defendants LionHeart Xpress and DG Lionheart. Thus, Plaintiffs rely upon § 55-10-311 and § 55-10-312 of the Tennessee Code Annotated and the doctrines of *respondeat superior* and agency, alleging that any negligence of the part of Harzanmeet Singh, should be imputed to Defendants LionHeart Xpress and DG Lionheart.

35. Plaintiffs charge and allege that Defendant, Harzanmeet Singh is guilty of the following acts and/or omissions of common law negligence, which were a direct and proximate cause of Plaintiffs' injuries and resulting damages to wit:

(a) In negligently failing to use that degree of care and caution in the operation of his commercial vehicles and/or tractor trailer as was required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

(b) In negligently failing to maintain a safe lookout;

(c) In negligently failing to devote full time and attention to the operation of his commercial vehicles and/or tractor trailer;

(d) Failing to see what was there to be seen;

(e) Failing to maintain control of said commercial vehicles and/or tractor trailer;

(f) Impeding the normal and reasonable movement of traffic;

(g) Driving in a careless manner;

(h) Other acts and/or omissions to be shown at the trial of this cause.

## COUNT II- NEGLIGENCE *PER SE*

36. Plaintiffs incorporate paragraphs 1 through 35 as if restated verbatim.

37.  Plaintiffs charge and allege that Defendant Singh was in violation of the following statutes of the State of Tennessee, which were in full force and effect at the time and place of the collision, constituting *negligence per se,* to wit:

### Section 55-8-136. Drivers to exercise due care.

(b) Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with any other vehicle, either being driven or legally parked, upon any roadway,

6

or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating such motor vehicle at a safe speed, by maintaining a safe lookout, by keeping such motor vehicle under proper control and by devoting full time and attention to operating such motor vehicle, under the existing circumstances to avoid endangering the life, limb, or property.

### *Section 55-10-205. Reckless driving.*

(a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving.

### *Section 55-8-124. Following too closely.*

(a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the condition of the highway.

38. Defendant Harzanmeet violated one or more of the aforementioned Tennessee statutes. Each statute was enacted for the safety of the driving public, to which Plaintiffs belonged at the time of the collision. Each and every violation of the aforementioned statutes constitutes a separate and distinct act of negligence *per se*. Each and every such violation constitutes the direct and proximate cause of Plaintiff's damages.

39. At all times relevant to this cause of action the Defendants was subject to and required to obey he minimum safety standards established by the Federal Motor Carrier Safety 4 Regulations (FMCSR) (49 CFR §§ 301-399), either directly or as adopted by the Tennessee Department of Transportation Safety Rules and Regulations 1340-6-1-.20 and pursuant to T.C.A. §§ 65-2-102 and 65-15-113.

40. The Defendants will be shown at trial to have violated the Federal Motor Carrier Safety Regulations which constitutes negligence *per se*, including but not limited to:

     a. § 390 General
     b. § 392 Driving of Commercial Motor Vehicles
     c. § 395 Hours of Service

7

41. Defendants LionHeart Xpress and DG Lionheart was required to teach and train Defendant Singh so that their drivers would be able to understand and obey the rules and regulations contained in the FMCSR.

42. The violations of the rules and regulations contained in the FMCSR and Defendants' negligence *per se* were a direct and proximate cause of Plaintiffs' injuries and resulting damages.

43. At the time and place of this accident, Defendant Singh was negligent *per se* in that he was violating one or more of the statutes of Tennessee, to include but not be limited to:

     a.  T.C.A. § 55-8-103    Required obedience to traffic laws

     b.  T.C.A. § 55-8-123    Driving on roadways laned for traffic

     c.  T.C.A. § 55-8-124    Following too closely

     d.  T.C.A. § 55-8-136    Drivers to exercise due care.

## COUNT III-NEGLIGENT ENTRUSTMENT

44. Plaintiffs incorporate paragraphs 1-43 as if restated verbatim.

45. Plaintiffs allege, upon information and belief, that Defendants LionHeart Xpress and DG Lionheart or in the exercise of due diligence and reasonable inquiry, should have known of Defendant Singh's propensity and proclivity to drive in an illegal, unlawful, negligent and/or reckless manner.

46. Plaintiffs allege that Defendants LionHeart Xpress and DG Lionheart, is guilty of the following acts and/or omissions of common law negligence, of common law negligence, which were a direct and proximate cause of Plaintiffs' injuries and resulting damages, to wit:

     a.  Negligent entrustment of the subject vehicle to Defendant, Harzanmeet Singh;

     b.  Other acts and/or omissions to be shown at the trial of this cause.

47. Plaintiffs allege, upon information and belief, that Defendants LionHeart Xpress and DG Lionheart knew, or in the exercise of due diligence and reasonable inquiry, should have known of Harznmeet Singh's propensity and proclivity to drive in an illegal, unlawful, negligent, and/or reckless manner.

48. Plaintiffs allege that Defendants, LionHeart Xpress and DG Lionheart are guilty of the following acts and/or omissions of common law negligence, which were a direct and proximate cause of Plaintiffs' injuries and resulting damages, to wit:

      c.  Negligent entrustment of the subject vehicle to Defendant, Harzanmeet Singh;

      d.  Other acts and/or omissions to be shown at the trial of this cause.

**COUNT IV**

**NEGLIGENT HIRING, SUPERVISION, AND TRAINING**

49. Plaintiffs incorporate paragraphs 1-48 as if restated here verbatim.

50. Plaintiffs allege, upon information and belief, that Defendants, LionHeart Xpress and DG Lionheart knew, or in the exercise of due diligence and reasonable inquiry, should have known of Defendant Singh's propensity and proclivity to drive in an illegal, unlawful negligent and/or reckless manner.

51. Regardless of the employment relationship, Defendant LionHeart Xpress is the registered owner of U.S. DOT number 3066692 and MC number 058500, displayed on the tractor and DG Lionheart is the registered owner of U.S. DOT number 2850237 and MC number 955459, with the tag number 4SM8205 which was displayed on the first trailer involved in this wreck and is therefore responsible for the acts of the driver of that vehicle.

9

52. At all times relevant to this cause of action, the Defendants were subject to and required to obey the minimum safety standards established by the Federal Motor Carrier Safety Regulations (FMCSR) (49 CFR §§ 301-399), either directly or as adopted by the Tennessee Department of Transportation Safety Rules & Regulations 1340-6-1-.20 and pursuant to T.C.A. §§ 65-2-102 and 65-15-113.

53. The Defendants will be shown at trial to have violated the Federal Motor Carrier Safety Regulations which constitutes negligence *per se,* including but not limited to:

    a) § 390 General

    b) § 392 Driving of Commercial Motor Vehicles

    c) § 395 Hours of Service

54. Defendants LionHeart and DG Lionheart were required to teach and train Defendant Singh so that he was able to understand and obey the rules and regulations contained in the FMCSR.

55. In order to put the matter at issue, Plaintiffs allege that LionHeart Xpress and DG Lionheart were negligent, and grossly negligent, as set forth in this complaint.

56. Plaintiffs allege that Defendants LionHeart Xpress and DG Lionheart are guilty of the following acts and/or omissions of common law negligence, which were a direct and proximate cause of Plaintiffs' injuries and resulting damages, to wit:

    a. Negligent training of Defendant Singh;

    b. Negligent supervision of Defendant Singh;

    c. Negligent hiring of Defendant Singh;

    d. Hiring and/or contracting with Defendant Singh to drive the tractor-trailer at issue;

    e. Failing to properly train Defendant Singh to properly drive the tractor-trailer;

10

f.   Entrusting Defendant Singh with the tractor-trailer;

g.   Failing to conduct proper and required checks on the background of their employee, agent and/or contractor, Defendant Singh;

h.   Failure to exercise ordinary care to determine their employees' agents' and/or contractors' fitness for the task of driving a commercial vehicle interstate;

i.   Other acts and/or omissions to be sworn at the trial of this cause.

57.   Defendants LionHeart Xpress and DG Lionheart had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonable safe, and negligently failed to do so.

58.   Defendants LionHeart Xpress and DG Lionheart, through its agents and employees knew, or should have known by exercising reasonable care, about the risks set forth in this complaint and that by simply exercising reasonable care these risks would be reduced or eliminated. These risks include, but are not limited to:

a.   The risks associated with unsafe drivers,

b.   The risks associated with the violation of proper maintenance standards,

c.   The risks associated with failing to train drivers to obey the FMCSR,

d.   The risks associated with failing to have adequate risk management policies and procedures in place,

e.   Failing to have policies and procedures in place to identify undertrained and unqualified drivers,

f.   Failing to identify from prior wrecks, similar to the one in question, a root cause and implement policies, procedures, protocols, and practices to effectively reduce or eliminate the risk prior to the wreck in question,

11

g.  Failing to appropriately implement and enforce risk management policies and procedures to identify the risks described above,

h.  Failing to appropriately implement and enforce risk management policies and procedures to monitor and assess Defendant Singh once he was hired.

i.  Failing to implement and follow a written safety plan.

j.  Failing to protect the members of the public, such as the Plaintiffs, from the risks described above,

k.  Failing to use the composite knowledge reasonably available to LionHeart and DG to analyze the data available to it to identify the risks, take the steps to reduce or eliminate the risks, and to protect members of the public from that risk.

59. At all times relevant hereto, Defendants LionHeart and DG were acting by and through its employees/agents and is responsible for the acts of those employees/agents and is responsible for the acts of those employees and agents pursuant to *respondeat superior,* agency, statutory employment as set forth in the FMCSR, or similar theory of law.

60. Defendants LionHeart & DG Lionheart negligence, either solely or combined and concurring with the negligent acts of the other Defendants was a proximate cause of the injuries sustained by the Plaintiffs.

## COUNT V

## INJURIES AND DAMAGES

61. Plaintiffs incorporate paragraphs 1-60 as if restated verbatim.

62. As a direct and proximate result of the above-described violations of common law, state statutes, and Federal Motor Carrier Safety Regulation by Defendants, Plaintiffs sustained multiple serious and disabling injuries to their bodies as a whole.

63. Plaintiff Robert Purnell has endured pain and suffering and will continue to endure pain and suffering from the injuries arising out of the subject collision.

64. Plaintiff Robert Purnell has incurred reasonable and necessary medical expenses in order to alleviate his pain and suffering and will continue to incur said expenses in the future.

65. Plaintiff Robert Purnell has sustained a loss of quality and enjoyment of the normal pleasures of life as a result of the subject collision, past, present, and future.

66. Plaintiff Robert Purnell sustained mental anguish as a result of the subject collision, past, present, and future.

67. Because of the physical, mental, and emotional injuries proximately caused by Defendants' negligence, Plaintiff Robert Purnell is entitled to reasonable and proper compensation for the following legal damages:

   a. Past and future physical pain;
   b. Past and future mental and emotional anguish;
   c. Past and future medical expenses; and
   d. Past lost wages and future wages lost-earning capacity.

68. Plaintiff Paula Edwards has endured pain and suffering and will continue to endure pain and suffering from the injuries arising out of the subject collision.

69. Plaintiff Paula Edwards has incurred reasonable and necessary medical expenses in order to alleviate his pain and suffering and will continue to incur said expenses in the future.

70. Plaintiff Paula Edwards has sustained a loss of quality and enjoyment of the normal pleasures of life as a result of the subject collision, past, present, and future.

71. Plaintiff Paula Edwards sustained mental anguish as a result of the subject collision, past, present, and future.

72. Because of the physical, mental, and emotional injuries proximately caused by Defendants' negligence, Plaintiff Paula Edwards is entitled to reasonable and proper compensation for the following legal damages:

    a. Past and future physical pain;
    b. Past and future mental and emotional anguish;
    c. Past and future medical expenses; and
    d. Past lost wages and future wages lost-earning capacity.

73. Plaintiff I.E., a Minor, has endured pain and suffering and will continue to endure pain and suffering from the injuries arising out of the subject collision.

74. Plaintiff I.E. a Minor, has incurred reasonable and necessary medical expenses in order to alleviate his pain and suffering and will continue to incur said expenses in the future.

75. Because of the physical, mental, and emotional injuries proximately caused by Defendants' negligence, Plaintiff I.E., a Minor, is entitled to reasonable and proper compensation for the following legal damages:

    a. Past and future physical pain;
    b. Past and future mental and emotional anguish; and
    c. Past and future medical expenses.

76. Plaintiff Jamario Edwards has incurred reasonable and necessary medical expenses in order to alleviate his pain and suffering and will continue to incur said expenses in the future.

77. Plaintiff Jamario Edwards has sustained a loss of quality and enjoyment of the normal pleasures of life as a result of the subject collision, past, present, and future and loss of education and tuition benefits.

78. Plaintiff Jamario Edwards sustained mental anguish as a result of the subject collision, past, present, and future.

79. Because of the physical, mental, and emotional injuries proximately caused by Defendants' negligence, Plaintiff Jamario Edwards is entitled to reasonable and proper compensation for the following legal damages:

   a. Past and future physical pain;
   b. Past and future mental and emotional anguish; and
   c. Past and future medical expenses.

## COUNT VI

## PUNITIVE DAMAGES

80. Plaintiffs incorporate paragraphs 1-79 as if restated verbatim.

81. The actions of Defendants and its employees, agents and contractors alleged herein constitute a conscious disregard of substantial and unjustified risk of injury and/or death to the public, including the Plaintiffs individually and collectively, which constitutes a gross deviation from the standard of care that an ordinary person or business owner would exercise under the circumstances, which rises to the level of recklessness entitling Plaintiffs to a substantial award of punitive damages.

82. The Plaintiffs seek punitive damages for the Defendants' actions.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully sues Defendants, LionHeart Xpress, Harzanmeet Singh, DG LionHeart and John Doe 1-5 for a reasonable amount of restitution and compensation for damages in an amount in excess Two Million Dollars ($2,000,000.00), and for Three Million Dollars ($3,000,000.00) for punitive damages for the Defendants' reckless and/or willful acts and/or omissions, where such actions are the cause of Plaintiffs' injuries and damages, and for all other relief to which the Plaintiffs may be entitled under Tennessee law.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray for damages as they may appear on the trial of this cause, reserving the right to amend this pleading to conform to the facts as they may develop, for cost and interest, and for all other general relief justified by the facts under the law or equity.

**JOHN MICHAEL BAILEY INJURY LAWYERS**

BY: **/s/ Mark A. Lambert**
Mark A. Lambert (TN Bar No. 22059)
*Attorney for Plaintiffs*
5978 Knight Arnold Road
Memphis, Tennessee 38115
Phone: (901) 529-1111
Fax: (901) 529-1017

16