IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| ROBERT PURNELL, et al | ) | |
| | ) | |
| v. | ) | NO. 1:21-0059 |
| | ) | Campbell/Holmes |
| HARZANMEET SINGH, et al | ) | |

**O R D E R**

A status conference was held on May 12, 2022. Counsel participating were: Mark Lambert for Plaintiffs and Kreis White for Interested Party Allstate Insurance. The Court has reviewed Plaintiffs' response to its order to show cause why this case should not be dismissed for failure to effect service of process, upon which counsel also elaborated at the status conference. While the Court appreciates the challenges with service of process, the presumptive time to effect service under Fed. R. Civ. P. 4(m) has long since expired.[1] Service of process has yet to be effectuated, despite multiple extensions. This case has now been pending for almost seven months without effective service of process.

Nevertheless, based on the statements in Plaintiffs' response (Docket No. 27), the Court will grant Plaintiffs one last opportunity until **June 13, 2022** to serve all named Defendants. Given the multiple extensions that have already been granted, this deadline for service of process will not

---

[1] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure. This case was filed on September 23, 2021. (Docket No. 1.) Under Rule 4(m), process should have been served by no later than December 22, 2022. The Court extended this time to February 28, 2022. (Docket No. 15.) The Court granted an additional extension until March 31, 2022. (Docket No. 23.) On April 13, 2022, the Court issued an order for Plaintiffs to show cause why this case should not be dismissed under Rule 4(m) for lack of timely service of process. (Docket No. 25.) Plaintiffs have yet to serve Defendants with process.

be further extended. Plaintiffs must file returns of service promptly upon service to each Defendant and must by no later than **June 15, 2022** have filed returns of service demonstrating that all named Defendants were served with process. Plaintiffs are again put on notice that if service is not effectuated by June 13, 2022, a recommendation will be made for mandatory dismissal of this case without prejudice. Fed. R. Civ. P. 4(m).

Further, upon service of process to all named Defendants, Plaintiffs must file a motion to reset the initial case management conference. The motion must be filed by the earlier of **three (3) business days** of the date of service of process on the last Defendant to be served or **June 15, 2022**. Failure to timely move to reset the initial case management conference will result in a recommendation for dismissal of this case under Rule 16(f).

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge