# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT COLUMBIA

| | |
|---|---|
| **ROBERT PURNELL** *et al.* | ) |
| | ) |
| v. | )    Case No. 1:21-cv-00059 |
| | ) |
| **HARZANMEET SINGH et al.** | ) |

**TO:** The Honorable William L. Campbell, Jr., United States District Judge

## REPORT AND RECOMMENDATION

For the reasons discussed below, the undersigned respectfully recommends this case be dismissed without prejudice under Fed. R. Civ. P. 4(m).[1]

Rule 4(m) mandates that if a defendant is not served with process within 90 days of the filing of the complaint, "the court – on motion or on its own after notice to the plaintiff – **must** dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m) (emphasis added). Rule 4(m) also provides that the court may "order that service be made within a specified time." *Id*. Rule 4(m) also directs that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

This case was filed on September 23, 2021. (Docket No. 1.) Under Rule 4(m), Defendant should have been served with process by no later than December 22, 2021. At the January 31, 2022, initial cases management conference Defendants still had not been served. Upon Plaintiffs' request, the Court extended the time to serve process to February 28, 2022. (Docket

---

[1] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

No. 15.) The Court granted an additional extension until March 31, 2022. (Docket No. 23.)[2] No evidence was presented by that date showing that Defendants had been properly served with process, and on April 13, 2022, the Court issued an order for Plaintiffs to show cause why this case should not be dismissed under Rule 4(m) for lack of timely service of process. (Docket No. 25.) Plaintiffs filed a response detailing the difficulties that Plaintiffs have encountered with accomplishing service of process. (Docket No. 27.)[3]

The Court granted Plaintiff one last extension, until June 13, 2022, to effect service of process, and stated:

> While the Court appreciates the challenges with service of process, the presumptive time to effect service under Fed. R. Civ. P. 4(m) has long since expired. Service of process has yet to be effectuated, despite multiple extensions. This case has now been pending for almost seven months without effective service of process.

(Docket No. 30 at 1.) The Court expressly cautioned Plaintiffs that if service was not effectuated by June 13, 2022, a recommendation would be made for mandatory dismissal without prejudice. (*Id.* at 2.)[4] On June 6, 2022, returns of service were filed as unexecuted. (Docket Nos. 31 and 32.)

This case has now been pending for more than nine months without service of process; far beyond the 90 days permitted by Rule 4(m). Even with multiple extensions, Plaintiffs have not served Defendants with process. The plain language of Rule 4(m) requires that, under these circumstances, the case be dismissed without prejudice.[5]

---

[2] This extension was granted on Plaintiffs' motion (Docket No. 20), which, although framed as a first motion, was the second extension of time to accomplish service of process.

[3] During a status/case management conference held on May 12, 2022, Plaintiffs' counsel elaborated on the efforts to serve Defendants with process. *See* Order at Docket No. 30.

[4] The Court also directed Plaintiffs to timely file a motion to reset the initial case management conference, and by no later than June 15, 2022, or face possible dismissal under Rule 16(f). *Id.* at 2. Despite no action having been taken in connection with this instruction, the Court nevertheless recommends dismissal without prejudice under Rule 4(m).

[5] Allstate Insurance is an unnamed insurance defendant. Allstate, through counsel, has received notice of the Court's intended dismissal of this case under Rule 4(m).

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that this case be dismissed without prejudice under Rule 4(m).

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to objections must be filed within fourteen (14) days of service of the objections. Fed. R. Civ. P. 72(b) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge